UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JERRI CORTESE and PHILIP V.
CORTESE,

                      Plaintiffs,

   -against-                                  6:11-CV-00154 (LEK/ATB)

VINCENT ELETTO, M.D.;
EMERGENCY PHYSICIAN
ASSOCIATES OF N.Y., P.C.;
EMERGENCY PHYSICIAN SERVICES
OF N.Y., P.C.; ST. MARY'S HOSPITAL
AT AMSTERDAM,

                      Defendants.
_____

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiffs Jerri and Philip Cortese ("Plaintiffs") filed the present Complaint on February 9, 2011, against Defendants Vincent Eletto ("Defendant Eletto"), Emergency Physician Associates of New York ("EPANY"), Emergency Physician Services of New York ("EPSNY"), and St. Mary's Hospital of Amsterdam ("St. Mary's") (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Presently before the Court is a Motion to dismiss filed on March 8, 2011, and a second time on March 10, 2011, by EPSNY. Dkt. Nos. 10, 20 ("Motion").[1] For the reasons that follow, Defendant's Motion is granted.

**II.    BACKGROUND**

---

[1] A review of the docket suggests that Defendant filed the same Motion on two separate occasions, insofar as there appear to be no differences between either the Motion filed on March 8, 2011, or the Motion filed on March 10, 2011. Compare Dkt. No. 10 with Dkt. No. 20. The Court therefore addresses both submissions as a single Motion.

Plaintiffs commenced this action alleging a state law claim of medical malpractice against Defendants. The Complaint states that the Court has subject matter jurisdiction on the basis of diversity of citizenship between the parties. Compl. ¶ 7. The Complaint alleges that Plaintiffs are citizens and residents of the State of New York in the County of Montgomery. Id. ¶ 2. Yet while Defendant Eletto is a citizen of New Jersey, the Complaint also states that Defendants EPANY, EPSNY, and St. Mary's are New York domiciliaries. Id. ¶¶ 3-5. In lieu of answering Plaintiffs' Complaint, EPSNY filed the present Motion, which Plaintiffs do not contest. Rather, Plaintiffs ask the Court to dismiss the Complaint without prejudice so they may recommence the action in state court. Dkt. No. 21 ("Response") at 1.

### III.   STANDARD OF REVIEW

In considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1), a court must "accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). "Dismissal is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief." Raila v. United States, 355 F.3d 118, 119 (2d Cir. 2004). However, it is the plaintiff who bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Aurrechione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). Furthermore, subject matter jurisdiction may not be established by drawing inferences from the pleadings favorable to the plaintiff. Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998); see also London v. Polishook, 189 F.3d 196, 199 (2d Cir. 1999) (the party invoking subject matter jurisdiction must "proffer the necessary factual predicate – not just an allegation in a complaint – to support jurisdiction."). Thus, a district court may refer to evidence

```
```

outside the pleadings, including affidavits or other evidence submitted by the parties, in determining whether subject matter jurisdiction exists. Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002); Arndt v. UBS AG, 342 F. Supp. 2d 132, 137 (E.D.N.Y. 2004). Finally, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. (h)(3).

**IV.   DISCUSSION**

EPSNY asserts, pursuant to Fed. R. Civ. P. 12(b)(1), that the Court lacks subject matter jurisdiction because "complete diversity" does not exist between the parties. Defendant's Memorandum of law in support of motion to dismiss (Dkt. No. 20-2) ("Def.'s Mem.") at 2. Under 28 U.S.C. § 1332(a)(1), district courts have jurisdiction over any action in which the amount in controversy exceeds $75,000 and is between citizens of different states. Although the Complaint invokes subsection (a)(1) as a basis for jurisdiction, it references diversity only "between Plaintiff and a *certain defendant*." Compl. ¶ 7. Plaintiffs allege that because diversity exists between the Plaintiffs and one Defendant, the requirements for diversity jurisdiction have been satisfied. However, diversity jurisdiction requires complete diversity between the parties, Exxon Mobil Corp. v. Allapattah Serv. Inc., 545 U.S. 546, 553-554 (2005); in other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). Here Plaintiffs are citizens of New York, as are Defendants EPSNY, EASNY, and St. Mary's. As a result, complete diversity is lacking and Defendant's Motion to dismiss is therefore granted.

Plaintiffs request that the court dismiss the Complaint without prejudice so they may refile their action in state court. Pl.'s Resp. at 1. Under N.Y.C.P.L.R. § 205(a), "[i]f an action is timely

filed and is terminated for any reason besides voluntary discontinuance, neglect to prosecute, or a final judgment on the merits, plaintiff can commence on a new action provided the new action would have been timely when the prior action was commenced." If a federal action is dismissed for lack of diversity, C.P.L.R. § 205(a) applies and a new action is preserved. Dyer v. Cahan, 150 A.D.2d 540 (N.Y. App. Div. 1989). Because Plaintiff's action was timely filed, and the dismissal of the action is based on lack of diversity, the Court finds that dismissal without prejudice is appropriate in this case so that Plaintiffs may refile their action in New York state court pursuant to section 205(a). See Diffley v. Allied-Signal, Inc., 921 F.2d 421, 424 (2d. Cir. 1990) (citing Gaines v. City of N.Y., 109 N.E. 594, 595 (N.Y. 1915); Dyer, 150 A.D.2d at 540)); Bonnie & Co. Fashions, Inc. v. Bankers Tr. Co., 18 F. Supp. 2d 297, 304 (S.D.N.Y. 1998).

IV.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to dismiss (Dkt. Nos. 10 and 20) is **GRANTED**; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED without prejudice** due to lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:   October 28, 2011
         Albany, New York

Lawrence E. Kahn
U.S. District Judge